IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**FELIX CASTRO-DAVIS,**

    **Plaintiff,**

v.                                                      **Civil Action No. 1:19cv125**
                                                          **(Judge Kleeh)**

**C. GOMEZ,**

    **Defendant.**

## REPORT AND RECOMMENDATION

### I. Introduction

On June 18, 2019, the *pro se* Plaintiff, Felix Castro-Davis ("Castro-Davis"), an inmate at FCI Gilmer in Glenville, West Virginia, filed a Bivens[1] civil rights complaint, a motion to proceed as a pauper, and a copy of a Prisoner Trust Account Report ("PTAR"). ECF Nos. 1, 2, 3. Because none of the same were signed, the PTAR was blank and had no ledger sheets attached, the form complaint was incompletely filled out, and Plaintiff had not filed a Consent to Collection of Fees from Trust Account, although a deficiency notice had already been issued by the Clerk of Court, by Order entered on June 19, 2019, Plaintiff's unsigned pleadings, motion, and other deficiencies were noted and he was directed to correct the same. ECF No. 6. On July 15, 2019, Plaintiff corrected his deficiencies and filed signed copies of his pleadings, motion, and the Consent to Collect; the signed copies were docketed as attachments to the originals. See ECF Nos. 1-3, 2-1, 3-1, 9. Plaintiff also filed a statement regarding the exhaustion of his administrative remedies, attaching copies of several

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

email "inmate requests to staff," and a copy of the judgment in a prior iteration of this case.[2] ECF No. 10.

This matter is assigned to the Honorable Thomas Kleeh, United States District Judge, and is referred to the undersigned United States Magistrate Judge for initial screening and proposed recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## II. The Complaint

Plaintiff's complaint, filed without a memorandum in support, alleges that on December 31, 2018, while incarcerated at FCI Gilmer, he sustained a serious injury when, while working in the kitchen, he inadvertently spilled boiling water down into one of the work-issue boots he was wearing, causing a serious burn injury to his leg and foot. See ECF No. 1-3 at 7 – 8, ECF No. 10 at 3 – 4. Plaintiff alleges that he was immediately taken to Health Services, but that Health Services refused to see him that day or the next. ECF No. 1-3 at 8. He further contends that thereafter, FCI Gilmer refused to provide him access to a medical doctor to review, assess, and treat his nerve, muscle, and tissue damage. Id. Further, he avers that FCI Gilmer refuses to admit fault, in that his injuries were directly caused by being required to perform dangerous jobs in an unsafe manner with equipment that "by design, made the work environment all the more dangerous." Id. He alleges that he suffers from pain, has sustained a permanent injury, i.e., limited use of his leg and foot, and "other unassessed physical damage[.]" Id. at 8 – 9. It is unclear from his complaint whether Plaintiff exhausted his administrative remedies. See id. at 4 – 5; see also ECF No. 10 at 1 – 4.

---

[2] Plaintiff originally filed these claims in a petition for habeas corpus pursuant to 28 U.S.C. § 2241 in Case No. 5:19cv188; but because his civil rights claims were improperly raised in a § 2241 action, on June 25, 2019, the case was dismissed without prejudice to his right to file a civil rights action, and his motion to proceed as a pauper was granted, but the fee was waived.

Plaintiff seeks only injunctive relief, requesting that FCI Gilmer admit that it denied him medical care and created an unsafe work place; provide a medical doctor to assess his current and long term medical needs; and "accept responsibility" for his future medical needs. Id. at 9.

### III. Standard of Review

#### A. *Pro Se* Litigants

Because the Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

Courts must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d) is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit . . .

490 U.S. at 327.

The Federal Rules of Civil Procedure require only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the

. . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)). Courts long have cited "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

The Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1, 92 S.Ct. 594, 596 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). While *pro se* pleadings are held to a less stringent standard than those drafted by attorneys, even under this less stringent standard, a *pro se* complaint is still subject to dismissal. Haines, *supra* at 520–21. "[T]he mandated liberal construction afforded to *pro se* pleadings 'means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.'" Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). However, "judges are [ ] not required to construct a party's legal arguments for him." Small v. Endicott, 998 F.2d 411, 417 - 8 (7th Cir. 1993).

Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. at 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that "because the plaintiffs [] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, a plaintiff must state a plausible

claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

## B. Bivens Actions

Liability in a Bivens case is "personal, based upon each defendant's own constitutional violations. Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001) (internal citation omitted). Therefore, to establish liability in a Bivens case, the plaintiff must specify the acts taken by each defendant which violate his constitutional rights. See Wright v. Smith, 21 F.3d 496, 501 (2nd Cir. 1994); Colburn v. Upper Darby Twp., 838 F.2d 663, 666 (3rd Cir. 1988). Some sort of personal involvement on the part of the defendant and a causal connection to the harm alleged must be shown. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). *Respondeat superior* cannot form the basis of a claim for a violation of a constitutional right in a Bivens case. See Rizzo v. Good, 423 U.S. 362 (1976).

However, the Fourth Circuit has recognized that supervisory defendants may be liable in a Bivens action if the plaintiff shows that "(1) the supervisory defendants failed to provide an inmate with needed medical care; (2) that the supervisory defendants deliberately interfered with the prison doctors' performance; or (3) that the supervisory defendants tacitly authorized or were indifferent to the prison physicians' constitutional violations." Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990), *overruled in part on other grounds by* Farmer v. Brennan, 511 U.S. 825, 837 (1994). In so finding, the Fourth Circuit recognized that "[s]upervisory liability based upon constitutional violations inflicted by subordinates is based, not upon notions of *respondeat superior*, but upon a recognition that supervisory indifference or tacit authorization of subordinate misconduct may be a direct cause of constitutional injury." Id. However, a plaintiff cannot establish supervisory liability merely by showing that the subordinate was deliberately indifferent to his needs. Id. Rather, the

5

plaintiff must show that the supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive practice. Id.

### IV. Analysis

A review of this Bivens complaint reveals that the Plaintiff fails to present a claim upon which relief can be granted. While Plaintiff has named C. Gomez, the Warden of FCI Gilmer as the sole defendant in this action, Plaintiff fails to make a single allegation against Gomez in the body of his complaint. Instead, the only reference to Gomez is contained in the identification of this Defendant as the "[d]efendant was serving as Warden at Federal Correctional Institution – Gilmer, Glenville, WV." ECF No. 1-3 at 2. Accordingly, it appears that the Plaintiff has merely named Gomez in his official capacity as the Warden of FCI Gilmer. However, a suit against government agents acting in their official capacities is considered a suit against the United States itself. See Kentucky v. Graham, 473 U.S. 159, 165 (1985) ("Official capacity suits . . . 'generally present only another way of pleading an action against an entity of which an officer is an agent.'"). Nevertheless, the remedy under Bivens is against federal officials in their individual capacities, and not the federal government. In order for the governmental entity to be a proper party of interest, the entity's policy or custom must have played a part in the violation. Id. (citing Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 (1978)). Here, the Plaintiff has made no allegation that would support such a finding,[3] and therefore, because the remedy under Bivens is against federal officials in their individual capacities and not the federal government, the Plaintiff cannot maintain a claim against Warden Gomez in his official capacity.

---

[3] Even if Plaintiff believes that Defendant Gomez played a part in the alleged violations of his constitutional rights by denying Plaintiff's administrative remedies, his claims against Gomez would still fail, because that is "not the type of personal involvement required to state a Bivens claim." Cayton v. Stewart, No. 3:12-cv-96, 2014 WL 769631, at *7, Joel, D.J. (N.D. W.Va. Feb. 25, 2014) (citing Paige v. Kupec, Civil Action No. AW-02-3430, 2003 U.S. Dist. LEXIS 27472, * 3 – 4 (D. Md. Mar. 31, 2003) adopted by Cayton v. Stewart, No. 3:12-cv-96, 2014 U.S. Dist. LEXIS 23674, Groh, G.M. (N.D. W.Va. Feb. 5, 2014).

Additionally, Plaintiff has not shown that Defendant Gomez tacitly authorized or was indifferent to the alleged violation of his constitutional rights. See Miltier, 896 F.2d at 854. In sum, Plaintiff has failed to allege that Defendant Gomez was personally involved in a deprivation of his constitutional rights, and he has provided no evidence to support a claim of supervisory liability against Gomez. Accordingly, Plaintiff has failed to make the appropriate showing of supervisory liability.

The Plaintiff has failed to comply with the Federal Rules of Civil Procedure requirement that only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555. In this case, although the Plaintiff's complaint is admittedly both short and plain, it fails to name a proper defendant or to provide any factual allegations against any named individual. Even construing Plaintiff's pleading liberally, he fails to state a claim upon which relief can be granted. Accordingly, because Plaintiff has failed to state a claim against Defendant Gomez, the undersigned recommends that his Complaint be dismissed with prejudice as to Gomez.

## V. Recommendation

For the foregoing reasons, this Court **RECOMMENDS** that the Complaint [ECF No. 1-3] be **DISMISSED without prejudice** for its failure to name a proper defendant. The undersigned further **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED with prejudice** as to Defendant Gomez, for failure to state a claim upon which relief can be granted.

This Court further recommends that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 2-1] be **DENIED as moot**.

The Plaintiff is notified that this Report and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas S. Kleeh, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, **any party shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Report and Recommendation within which to file with the Clerk of this Court**, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12. Extension of this time period may be granted by the presiding District Judge for good cause shown.

**Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on Judge Kleeh.

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge association with this case.

The Clerk of the Court is directed to send a copy of this Report and Recommendation to the Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: July 22, 2019

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE