```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**FELIX CASTRO-DAVIS,**

        **Plaintiff,**

  v.                                    Civ. Action No. 1:19CV125
                                                                                (Judge Kleeh)

**C. GOMEZ, Warden,**

        **Defendant.**

**ORDER AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE [DKT. NO. 11]
AND DISMISSING COMPLAINT [DKT. NO. 1-3]**

      **I.**    **Introduction and Procedural History**

On June 18, 2019, the pro se Plaintiff, Felix Castro-Davis ("Castro-Davis" or "Plaintiff"), an inmate at FCI Gilmer in Glenville, West Virginia, filed a Bivens[1] civil rights complaint, a motion to proceed as a pauper, and a copy of a Prisoner Trust Account Report ("PTAR") [Dkt. Nos. 1, 2, 3]. None of the filings were signed [Dkt. No. 11 at 1]. A deficiency notice was issued by the Clerk of Court because none of Plaintiff's filings were signed, the PTAR was blank with no ledger sheets attached, and the complaint was incomplete [Dkt. No. 5], and an Order was entered on June 19, 2019 [Dkt. No. 6] directing Plaintiff to correct the same.

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). In Bivens, the Supreme Court created a counterpart to 42 U.S.C. § 1983 and authorized suits against federal employees in their individual capacities.

Plaintiff corrected the deficiencies on July 15, 2019 [Dkt. Nos. 1-3, 2-1, 3-1, 9].  Plaintiff also filed a statement related to the exhaustion of administrative remedies[2] and a copy of the judgment in a prior iteration of this case[3] [Dkt. No. 10].

The matter was assigned to the Honorable Thomas Kleeh, United States District Judge, and referred to United States Magistrate Judge for initial screening and proposed recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  On July 22, 2019, Magistrate Judge Michael J. Aloi entered a Report and Recommendation ("R&R"), recommending that the Court dismiss the Complaint [Dkt. No. 1-3] without prejudice for its failure to name a proper defendant and dismiss the Complaint with prejudice as to Defendant C. Gomez for failure to state a claim upon which relief can be granted [Dkt. No. 11].  The Magistrate Judge determined

---

[2] Plaintiff filed copies of messages from him via the Trulincs communication system at FCI Gilmer to the Warden regarding the alleged injury he sustained on December 31, 2018 while performing a food service inmate work assignment [Dkt. No. 10].  Plaintiff alleged in the messages that he was injured by boiling water while wearing FCI Gilmer issued rubber boots that made his injury more extreme, and that Health Services failed to timely assess and treat his injury [Id.].  These facts are set forth in Plaintiff's Complaint and detailed by the Magistrate Judge in the R&R, as is the request for injunctive relief [Dkt. Nos. 1-3, 11 at 2-3].

[3] Plaintiff originally filed the claims in a petition for habeas corpus pursuant to 28 U.S.C. § 2241 in Case No. 5:19-cv-188.  Because his civil rights claims were improperly raised in a § 2241 action, on June 25, 2019, the case was dismissed without prejudice to his right to file a civil rights action, and his motion to proceed as a pauper was granted, but the fee was waived.

that Plaintiff failed to make a single allegation against C. Gomez, Warden of FCI Gilmer, and that a suit against government agents acting in their official capacities is a suit against the United States itself [Id. at 6].  A Bivens action, like Plaintiff's, provides a remedy against federal officials in their individual capacities, and not the federal government [Id.].  To sustain such a claim, Plaintiff needs to have alleged that the Government's policy or custom must have played a part in the complained of violation and no such allegation was made[4] [Id.]; See Kentucky v. Graham, 473 U.S. 159, 165 (1985) ("Official capacity suits … 'generally present only another way of pleading an action against an entity of which an officer is an agent.'").  The Magistrate Judge also recommended that the motion to proceed *in forma pauperis* [Dkt. No. 2-1] be denied as moot.

In the R&R, Magistrate Judge Aloi informed the parties of their right to file specific written objections within fourteen (14) days of being served with the R&R [Dkt. No. 11 at 8].  The objections were to identify "the portions of the Report and Recommendation to which objection is made, and the basis of such

---

[4] As the Magistrate Judge notes, even if Plaintiff believes that Defendant C. Gomez played a part in the alleged violations of his constitutional rights by denying Plaintiff's administrative remedies, his claims against Gomez would still fail because that is "not the type of personal involvement required to state a Bivens claim." [Dkt. No. 11 at 6, n.3]; See Cayton v. Stewart, No. 3:12-cv-96, 2014 WL 769631, at *7, Joel, D.J. (N.D. W. Va. Feb. 25, 2014) (citation omitted).

3

objection" [Id.]. Plaintiff received the R&R on July 25, 2019 [Dkt. No. 12] and filed Objections on August 9, 2019 [Dkt. No. 13]. Plaintiff's objections are non-specific and conclusory. Plaintiff contends that he made a positive and clear statement of his Bivens claim and that the Magistrate Judge failed to liberally construe the Complaint as required [Id.]; See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94 (2007). Plaintiff also argues that the Complaint went far beyond identifying Gomez and alleged outrageous acts as captured in the supporting messages [Id. at 1-2]. On September 19, 2019, Plaintiff filed a motion to amend and requesting judicial notice and attached an August 28, 2019 notice regarding Administrative Tort Claim No. TRT-NCR-2019-05310[5] [Dkt. Nos. 14, 14-1].

---

[5] The August 28, 2019 notice submitted by Plaintiff references a tort claim rather than Plaintiff's Bivens claim that is at issue in this case [Dkt. No. 14-1]. The notice states that Plaintiff alleged government liability in the amount of $250,000 for an injury received while at FCI on December 31, 2018 [Id.]. Because the injury alleged by Plaintiff is a work-related injury and covered by the Inmate Accident Compensation Act ("IACA"), 18 U.S.C. § 4126, which provides the exclusive remedy against the United States for a federal inmate's work-related injuries, the claim was denied [Id.]. The Supreme Court of the United States held in U.S. v. Demko, 385 U.S. 149 (1966), that the IACA compensation system is an inmate's sole means of recovery for work-related injuries, and precludes a suit under the Federal Tort Claims Act ("FTCA") for damages for such injuries. The notice states that it is a "final denial of the claim" and that if unsatisfied with the determination, Plaintiff had "six months from the date of the mailing" of the letter to bring a tort suit in an appropriate district court [Id.].

## II. Standard of Review

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). "When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D.W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (emphasis added)).

Timely, specific objections are necessary to focus the court's attention on disputed issues. Thomas v. Arn, 474 U.S. 140, 148 (1985). General objections to a magistrate judge's report and recommendation are tantamount to a failure to object because they do not direct the court's attention to any specific portions of the report. Howard v. Secretary of Health & Human Servs. 932 F.2d 505, 529 (6th Cir. 1991); Orpiano v. Johnson, 687 F.2d 44, 47

(4th Cir. 1982) (de novo review is not required where objections are general and conclusory); United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity as reasonably to alert the district court of the true ground for the objection.").

As previously noted, Plaintiff filed objections to the Report and Recommendation. The Court conducts a de novo review only as to the portions of the R&R to which Plaintiff specifically objected in writing. The remaining portions of the R&R to which the Plaintiff has not objected or only generally objected without specificity have been reviewed for clear error.

### III. Discussion

As stated above, Plaintiff's objections to the R&R are general in nature and conclusory. They do not identify portions of the R&R to which objection is made and the basis for the objection. Rather, Plaintiff asserts in conclusory fashion that the Magistrate Judge should have applied a more liberal construction to the Complaint and supporting records [Dkt. No. 13 at 2-3]. The Court finds that the Magistrate Judge properly analyzed the law governing Bivens claims and applied the law to the facts as alleged in the pleadings. Plaintiff fails to name a proper defendant or to provide any factual allegations against any named individual

[Dkt. No. 11 at 7] and his claim cannot be sustained because it is without merit in law or in fact.  See 28 U.S.C. § 1915A(b).

After filing objections to the R&R, Plaintiff seemingly recognized that his Complaint is insufficient and filed a motion to amend and requesting judicial notice [Dkt. No. 14] which asks the Court to "amend his previously presented clear claim" to include a government lability claim in the amount of $250,000 for an injury Plaintiff received at FCI Gilmer on December 31, 2018 [Id. at 1].  Plaintiff states that until August 28, 2019, his administrative remedies were not exhausted on the claim [Id.]. Having received notice of exhaustion of administrative remedies, Plaintiff requests that the Court take judicial notice that V. R. Hudgins is now the Warden of FCI Gilmer and that he be substituted as Defendant in this case [Id. at 2].  Plaintiff states that "[n]otwithstanding the attempts by U.S. Department of Justice, Federal Bureau of Prisons to falsely define Plaintiff's claim as work-related, it is, in fact, an injury resulting from extraordinary bad acts of the Warden, Health Services staff and others at FCI-Gilmer" [Id.].

Plaintiff's motion asks this Court to convert his Bivens Complaint, which fails to state a claim, into a FTCA claim for a work-related injury that is governed by the exclusive remedies in the Inmate Accident Compensation Act ("IACA").  Plaintiff's motion is misplaced given that this matter is insufficiently pled and

7

does not allege tort claims against an entity or individual. Also, Plaintiff filed for an administrative settlement under the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq., which was denied on August 28, 2019 [Dkt. No. 14-1]. Plaintiff knew on or about June 18, 2019, the date that this matter was filed, of his potential tort claim yet he raised it for the first time after the R&R was issued recommending dismissal of his Bivens claim which sought injunctive relief. There is no merit to Plaintiff's motion to amend.

### IV. Conclusion

The Court is of the opinion that the Magistrate Judge's Report and Recommendation [Dkt. No. 11] accurately reflects the law applicable to the facts and circumstances before the Court. Accordingly, it is

**ORDERED** that the Report and Recommendation [Dkt. No. 11] be **AFFIRMED** and **ADOPTED** in its entirety;

**ORDERED** that the Complaint [Dkt. Not. 1-3] be **DISMISSED WITH PREJUDICE** as to Defendant C. Gomez, Warden of FCI Gilmer, and that the Complaint otherwise be **DISMISSED WITHOUT PREJUDICE**;

**ORDERED** that Plaintiff's Objections to the Report and Recommendation [Dkt. No. 13] be **OVERRULED**;

**ORDERED** that Plaintiff's Motion to Amend and Requesting Judicial Notice [Dkt. No. 14] be **DENIED**; and

**ORDERED** that Plaintiff's Motion to Proceed *in Forma Pauperis* [Dkt. No. 2-1] be **DENIED AS MOOT**.

The Court further **DIRECTS** the Clerk to enter judgment in favor of Defendant.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to the pro se Plaintiff, by certified mail, return receipt requested.

**DATED**: November 30, 2020

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE